UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASHTON SHIVELY,

    Plaintiff,

        v.                              CAUSE NO. 3:26-CV-710-CCB-SJF

BRIAN ENGLISH, et al.,

    Defendants.

## OPINION AND ORDER

Ashton Shively, a prisoner without a lawyer, filed a complaint naming eleven other inmates as co-plaintiffs. ECF 1. He signed the complaint, but none of them did. Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Because Shively is not an attorney, the other eleven are unrepresented and must personally sign every filing they submit. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. Normally, the court would set a deadline for each of the eleven to sign the complaint, but here it would be futile for them to sign this complaint because joinder of their claims would not be proper.

"[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the

Seventh Circuit has recognized that a district court has discretion to also consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay[.]" *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir., 2001) (cleaned up). Based on the facts of this case, joinder of these unrepresented jail inmates is not appropriate.

None of the plaintiffs are lawyers and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Thus, each plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time, yet that did not happen here. As the case progresses, that is likely to get more difficult because inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). When the plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures.

Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. Moreover, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'") and *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (Internal security is particularly a matter

2

normally left to the discretion of jail administrators.). If a plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, but the other plaintiffs are also left ignorant of the activity in the case.

Only Shively signed the motion asking to proceed in forma pauperis. ECF 2. However, every plaintiff is individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff."). Under 28 U.S.C. § 1915, each of them must be assessed an initial partial filing fee based on their individual inmate trust accounts (assuming one or more is not barred from proceeding in forma pauperis by 28 U.S.C. § 1915(g)) and those initial partial filing fees must be paid before the case can be screened under 28 U.S.C. § 1915A. *See Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996) ("Congress wanted to relieve the pressures on the federal courts of frivolous suits by prison inmates and we can best achieve that purpose by insisting on payment in advance in every case in which that is feasible.") and *Teague v. Mayo*, 553 F.3d 1068, 1071 (7th Cir. 2009) (clarifying that neither 28 U.S.C. § 1915A nor *Martin* require more than payment of the initial partial filing fee before the case or appeal may proceed). This staggered payment schedule could result in inordinate delay for other plaintiffs if one or more of the plaintiffs did not promptly pay as required.

Additionally, exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust all the claims he is bringing. Therefore – even if they have similar claims – the exhaustion question must be individually

adjudicated. Doing so in the same lawsuit could result in separate scheduling deadlines and unnecessary delays. Thus, in totality, it would be fundamentally unfair for this case to proceed with multiple unrepresented, prisoner plaintiffs. Because joinder would not be appropriate, if all the plaintiffs had signed the complaint, the court would have severed them into separate lawsuits under Federal Rule of Civil Procedure 21 because "on its own, the court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)"). Doing that would have resolved the problems discussed above. It would have allowed for the efficient, individual determination of each plaintiff's case. Yet, it would not have precluded any plaintiff from cooperating with any other to the extent he was able. Neither would it have precluded future consolidation under Rule 42(a) if that were appropriate at any stage of the proceeding.

Therefore, the court will not ask the eleven other plaintiffs to sign this complaint. Rather, if they want to bring claims, they may bring their own lawsuits. Separate lawsuits will "secure the just, speedy, and inexpensive determination of" each case. Federal Rule of Civil Procedure 1.

Turning to the complaint filed by Shively, he did not use the court's form which is required under N.D. Ind. L.R. 7-6. Shively must file an amended complaint on a Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form which is available from his prison law library. He must also resolve his filing fee status either by paying the filing fee or filing

4

an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) **DISMISSES** Damion Martin, Landon Tompkins, Frank Larkins, Albert K. Webb, Henry Turner, Mark A. Eason, Jr., Micah Terrall Deanthony Lminggio, Daryl Reed, Lawrence Myers, Erik Stearns, and Bryant Lawrence Johnson **WITHOUT PREJUDICE** so they can file their own separate lawsuits;

(2) **STRIKES** the complaint (ECF 1), but it will remain part of the public record;

(3) **DIRECTS** the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Ashton Shively;

(4) **GRANTS** Ashton Shively until **July 8, 2026**, to file an amended complaint and resolve his filing fee status; and

(5) **CAUTIONS** Ashton Shively if he does not respond by the deadline, he may be denied leave to proceed in forma pauperis.

SO ORDERED on May 27, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT